UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-88-FDW

| JAMES SAMUEL HILL, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| PATSY L. CHAVIS, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's federal habeas petition which he filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who was convicted by a Catawba County jury on August 22, 2012, on one felony count of possession of a weapon by a prisoner, and two misdemeanor counts which included communicating threats and carrying a concealed weapon (Case No. 11CRS54311). The jury also convicted Petitioner on one count of being a habitual felon (Case No. 12CRS1147). Petitioner was sentenced to a term of 120 to 153 months' imprisonment and he attempted to file a direct appeal, however his effort to file the appeal from his criminal judgment was hampered by the fact that he failed to meet the requirements of filing a proper notice of appeal under North Carolina law. The North Carolina Court of Appeals summarized his effort as follows:

> Defendant sought to enter a *pro se* written notice of appeal
> from the judgment entered against him by completing a form made
> available to him in the jail, which form was filed with the
> trial court the day following the entry of judgment. However,

1

> the form that defendant used to appeal to this Court was a form
> indicating only that the signing inmate intended to give notice
> of appeal from district court to superior court. Additionally,
> although he indicated his intent to appeal from convictions for
> "possess weapon [sic] by prisoner, concealed weapon, habitual
> felon," defendant correctly identified only one of the two file
> numbers indicated on the judgment from which he purportedly
> seeks to appeal. Moreover, the record does not reflect that
> defendant's purported notice of appeal was served upon the
> district attorney's office. Because defendant concedes that,
> for these reasons, his written notice of appeal does not conform
> to the requirements for giving notice of appeal from a judgment
> in a criminal action, *see* N.C.R. App. P. 4, he petitions this
> Court to issue a writ of certiorari to allow review of his
> appeal. *See* N.C.R. App. P. 21(a)(1) ("The writ of certiorari
> may be issued . . . to permit review of the judgments and orders
> of trial tribunals when the right to prosecute an appeal has
> been lost by failure to take timely action . . . ."). In our
> discretion, we allow defendant's petition for writ of
> certiorari.

State v. Hill, 741 S.E.2d 911, 914 (N.C. Ct. App. 2013), disc. rev. denied, 747 S.E.2d 577 (N.C. 2013).

After granting the certiorari petition, the court of appeals then examined Petitioner's appellate arguments which included a challenge to the unanimity of the jury verdict on the communicating threats charge, a challenge to the trial court's denial of his motions to dismiss the communicating threats charge, and the charge of carrying a concealed weapon. The court found each argument to be without merit and affirmed his convictions and sentence in all respects.

According to his verified § 2254 petition, on October 2, 2013, Petitioner filed a motion for appropriate relief (MAR) in the Catawba County Superior Court and contended that he received ineffective assistance of counsel under the Sixth Amendment. Specifically, Petitioner argued the following:

1. Counsel failed to object to his prior judgments;

2. Counsel failed to object to prejudicial jury instructions;

3. Counsel failed to object to the wrong case numbers; and

4. Counsel failed to file a direct appeal;

On January 6, 2014, the superior court denied each of these claims after finding that they were without merit. (5:14-cv-88, Doc. No. 1-3: Order). And on March 5, 2014, the North Carolina Court of Appeals denied Petitioner's petition for a writ of certiorari to review the superior court's order of denial. Hill, Jr. v. North Carolina, No. P14-170 (N.C. Ct. App. 2014). (Doc. No. 1-3 at 2).

## II.     STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Cases provides that the court must promptly examine a § 2254 petition and must dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any relief . . ." Rule 4, 28 U.S.C.A. foll § 2254.

## III.     DISCUSSION

In this § 2254 collateral proceeding, Petitioner raises several claims in support of his claim that he received ineffective assistance of both trial and appellate counsel. The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 provides that,

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of

3

the facts in light of the evidence presented in the State court proceeding.
28 .S.C. § 2254(d).

A. Ground One

In his first ground for relief, Plaintiff argues that he received ineffective assistance of trial counsel because (1) counsel failed to object to prior, unredacted judgments that were examined by the jury during their deliberations; (2) counsel failed to object during sentencing to the incorrect case numbers which were included on his indictment; and (3) counsel failed to file a direct appeal. (5:14-cv-88, Doc. No. 1 at 7). These arguments are without merit.

After the jury found Petitioner guilty of the three charges in Case No. 11CRS54311, the State presented evidence regarding his prior felony convictions in support of the habitual felon indictment in Case No. 12CRS1147. In the latter case, the jury is clearly permitted to examine prior State judgments, which are authenticated public records, in determining whether Petitioner had the previous felony convictions to support the habitual felon charge. This argument is therefore overruled.

Petitioner's second claim is likewise without merit. Petitioner challenges the validity of the case numbers used during sentencing: "Defendant was sentenced to the habitual, in which the case number sentenced in court didn't match the true bill [of] indictment." (Doc. No. 1 at 10). Petitioner's judgment lists Case No. 12CRS001147, which is the habitual felon charge, and his habitual felon indictment lists the case number as 12CR001147.[1] The omission of the "S" in the case number of the indictment – if that

---

[1] The Court has examined the indictment and verdict sheet that are contained in the Record on Appeal which was filed with the North Carolina Court of Appeals by his appellate counsel. The Court finds that examination of these

4

is Petitioner's claim of error – was clearly harmless as it is evident that the judgment is referring to his habitual felon indictment and any error was merely clerical. In the event Petitioner is arguing that the jury's verdict sheet contained the wrong case number, he appears to be correct. On the verdict sheet the habitual felon indictment is listed as Case No. 11CRS1147. However, this too is harmless as it is plain that the correct indictments were considered by the jury and the correct case numbers were used in Petitioner's judgment, and on appeal and throughout his state collateral proceeding. Any error in listing the date is merely clerical and does not entitle Petitioner to habeas relief under any provision of § 2254(d).

Finally, in his third claim, Petitioner contends that his trial counsel was ineffective by failing to note a direct appeal from his judgment. While it is true that no proper notice of appeal was filed – either by trial counsel or by Petitioner – the court of appeals granted certiorari and proceeded to consider the merits of Petitioner's arguments as though on a properly filed direct appeal. Each argument was determined to be without merit and his judgment was upheld. Thus, any error made by his trial counsel in failing to note a direct appeal was made moot because his appellate arguments were nevertheless examined and ultimately rejected as meritless. For the foregoing reasons, this argument will be denied.

B.  Ground Two

Here, Petitioner contends that he received ineffective assistance of appellate counsel because his attorney failed to argue that his trial counsel was ineffective in failing to file a direct appeal, and he renews his argument that the wrong case numbers were

---

documents is appropriate when considering Petitioner's claims for relief as this is a reliable and authentic public record. See State v. Hill, No. 12-1502 (N.C. Ct. App. 2013) (Record on Appeal, filed Dec. 12, 2012 at 7: Habitual Felon Indictment and 39: Verdict Sheet). See also (5:14-cv-88, Doc. No. 1-7 at 2: Habitual Felon Indictment).

used during his sentencing. As to the first argument, any contentions on appeal regarding ineffective assistance of counsel for not filing a direct appeal would have failed because the court of appeals still considered and rejected each of his arguments on appeal. Put another way, the failure to file a direct appeal was harmless because Petitioner still had the merits of his arguments examined. As to the second argument, this argument will be denied for the reasons previously stated in Ground One.

    C.    <u>Ground Three</u>

Petitioner again renews his challenge to the clerical errors in his case numbers as it pertains to the habitual felon indictment. This claim will be denied for the reasons stated above.

    D.    <u>Ground Four</u>

Petitioner plows old ground by again contending that the case numbers on his indictment and judgment were not the same. This argument will be denied for the reasons previously stated.

Finally, Petitioner argues that his "date of birth was not the same, or true and correct as on the habitual indictment." (Doc. No. 1 at 12). Petitioner's habitual felon indictment lists a birth date of "12/9/19723". (<u>Id.</u>, Doc. No. 1-7 at 2). Petitioner's judgment of conviction on the habitual felon charge lists his birthday as "12/9/1972". (<u>Id.</u>, Doc. 1-3 at 6). The website of the North Carolina Department of Public Safety also identifies Petitioner's birthday as "12/9/1972".[2] Thus, any error in his date of birth on the habitual felon indictment is clearly a clerical one and harmless. For these reasons, this

---

[2] http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0183972&searchOffenderId=0183972&listurl=pagelistoffendersearchresults&listpage=1

claim for relief will be denied.

For the reasons stated herein, the Court finds that Petitioner has failed to present any meritorious claim for relief and this § 2254 petition will therefore be denied and dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE ORDERED** that:

1. Petitioner's motion to appoint counsel is **DENIED**. (Doc. No. 3).

2. Petitioner's federal habeas petition is **DENIED** and **DISMISSED with prejudice.** (Doc. No. 1).

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**   Signed: June 23, 2014

Frank D. Whitney
Chief United States District Judge